**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **CR. No. 04-121T** |
| | : | |
| **RICARDO MATOS** | : | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 28 U.S.C. §2255**

## INTRODUCTION

Several weeks after the Court sentenced the defendant in the above-entitled matter, the defendant filed a Motion to Resentence, arguing that a subsequent modification of a previously imposed state court sentence entitled him to a lesser sentence in the instant case. The Court, after receiving and reviewing the defendant's motion, issued an order finding that the motion to re-sentence was inappropriate and directing that it be treated as a motion for reduction of sentence pursuant to 28 U.S.C. § 2255.

The government contends that the defendant's claim is without merit and that his motion should be denied and dismissed. Furthermore, it is the government's position that no hearing is required and that the defendant's motion may be decided on the pleadings.

25

**FACTS**

On June 10, 2005, the Court sentenced the defendant to sixty-three months incarceration, three years supervised release, a $10,000 fine and a $100 special assessment. During the sentencing hearing that immediately preceded the imposition of that sentence, the defendant's attorney acknowledged that the criminal history set forth in the presentence report was not entirely accurate in that it failed to include a state court sentence for a 2005 felony drug conviction of six years with six months incarceration and sixty-six months suspended/probation. The inclusion of that sentence increased the defendant's criminal history from category I to category II and resulted in the loss of a two point offense level reduction pursuant to § 2D1.1(b)(7) of the United States Sentencing Guidelines.

The defendant subsequently filed a motion to modify his state sentence, a copy of which is attached. In that motion, the defendant requested the modification in order to allow him to begin serving the federal sentence imposed by this Court. The defendant did not make any type of constitutional or other legal claim in support of his motion.

Providence County Superior Court Associate Justice Mark Pfeiffer heard and granted the defendant's motion on June 16, 2005, reducing the defendant's sentence to ten years suspended/probation. A review of the transcript of that hearing

(see attached copy) reveals that the defendant's attorney did not attack the constitutionality or validity of neither the defendant's conviction nor the sentence initially imposed by the state court. Rather, the defendant's attorney acknowledges that he is seeking a sentence reduction in order to assist the defendant in obtaining a lesser sentence in the instant federal case, which appears to also be the rationale adopted by Associate Justice Pfeiffer in support of his decision to grant the defendant's motion.

**ARGUMENT**

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

If the defendant makes a non-constitutional claim of legal error under 28 U.S.C. § 2255, he is entitled to relief only if that error amounted to a fundamental defect inherently resulting in a complete miscarriage of justice. Hill v. United States, 368 U.S. 424, 428 (1962).

Counting a prior conviction, even one that was subsequently dismissed, is not even remotely an injustice when, as here, the

defendant does not dispute his commission of the crime or the fact that his conviction resulted from a plea based on ample evidence. Jamison v. United States, 244 F.3d 44, 48 (1st Cir. 2001). In fact, including sentences resulting from convictions that have been set aside for reasons unrelated to innocence or errors of law is consistent with the provisions of the Sentencing Guidelines. U.S.S.G. § 4A1.2, comment n.10.

In the instant case, the remedy obtained by the defendant before the state court does not rise to the level of a vacation of his prior conviction. The defendant simply convinced a state court judge to reduce his sentence in an effort to obtain sentencing relief before this Court, and not based upon any constitutional defect relating to either his state conviction or the resulting sentence.[1] Such a successful motion to reduce a previously imposed state sentence for the express purpose of avoiding criminal history points in a federal drug sentencing does not constitute a valid basis for not counting his original sentence for criminal history purposes. United States v. Martinez-Cortez, 354 F.3d 830, 831-32 (8th Cir. 2004). Therefore, the defendant is not entitled to any sentencing relief

---

[1] If the ground for reducing the defendant's state sentence had been a constitutional one, the defendant would most likely have been entitled to relief, even though the reduction occurred after the imposition of the federal sentence. Mateo v. United States, 398 F.3d 126 (1st Cir. 2005); United States v. Pettiford, 101 F.3d 199 (1st Cir. 1996).

at this time.

## CONCLUSION

For the reasons set forth above, the United States respectfully requests that this Honorable Court deny and dismiss the defendant's motion.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

STEPHEN G. DAMBRUCH
Assistant U.S. Attorney

## Certificate of Service

I hereby certify that on the 6th day of September, 2005, a copy of the within Government's Memorandum was mailed, postage prepaid, and sent by facsimile transmission to Thomas F. Connors, Esquire and Joseph J. Voccola, Esquire, 454 Broadway, Providence, RI 02909 (fax no. 401-751-8983).

Hearing Date 6-16-05

STATE FO RHODE ISLAND AND PROVIDENCE PLANTATION

| | | |
|---|---|---|
| STATE OF RHODE ISLAND | : | SUPERIOR COURT |
| VS. | : | |
| | : | C.A. NO.: P2-2003-0959A |
| RICARDO MATOS | : | |

MOTION TO MODIFY AND/OR AMEND SENTENCE

Now comes the Defendant, Ricardo Matos, pursuant to Rule 35 of the Superior Court Rules of Criminal Procedure, and respectfully requests that this Honorable Court modify the Defendant's sentence with respect to the above-captioned matter. Counsel avers that a modification of said sentence will allow the Defendant to serve a previous anticipated federal sentence.

Wherefore, the Defendant prays that his Motion to Modify and/or Amend Sentence be granted.

Respectfully Submitted,
By His Attorney,

Thomas F. Connors

Thomas F. Connors, Esq., #2108
454 Broadway
Providence, RI 02909
(401) 751-3900
(401)751-8983 (Fax.)

SUPERIOR COURT
FILED
JUN 13 PM 12:30

Providence, Rhode Island
Counties of Providence & Bristol
Office of Clerk of Superior Court

HEARING DATE

This matter shall be called for hearing on June 16, 2005 at 9:30 a.m., before His Honor Justice Pfieffer, in courtroom #4, Providence Superior Court, 250 Benefit Street Providence, RI 02903.

CETIFICATION

I hereby certify that a true copy was hand-delivered to the Providence Superior Court, Office of the Clerk, 250 Benefit Street Providence, RI 02903 and to Pamela Chin, Special Assistant Attorney General, 150 South Main Street Providence, RI 02903 on this 13th day of June, 2005.

True Copy Attest
Office ...
Count...
Prov... ...or Court
... Bristol

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, Sc. SUPERIOR COURT

STATE OF RHODE ISLAND

VS. P2/03-0959A

RICARDO MATOS

HEARD BEFORE

THE HONORABLE JUSTICE PFEIFFER

JUNE 16, 2005

APPEARANCES:

JOHN E. SULLIVAN, ESQ.

SPECIAL ASSISTANT ATTORNEY GENERAL FOR THE STATE

THOMAS F. CONNORS, ESQ. FOR THE DEFENDANT

C E R T I F I C A T I O N

I, Robbin A. Lapati, hereby certify that the succeeding pages, 1 through 4, inclusive, are a true and accurate transcript of my stenographic notes.

Robbin A. Lapati
COURT REPORTER

JUNE 16, 2005

THE COURT: The matter before the Court is P2/03-0959A. Mr. Connors, you have a motion to reduce sentence.

MR. CONNORS: Yes, Your Honor.

THE COURT: Okay. If you would proceed.

MR. CONNORS: Yes, Your Honor. As you know, based upon the extensive chambers conference we represented Ricardo Matos who is now facing federal charges. He is being detained in the Wyatt Federal Detention Center. Prior to that, however, he faced independent and separate criminal charges with the State of Rhode Island. The Attorney General was made aware of the pending federal charges, and we had various discussions. Long story short, we had agreed to a ten year sentence with six months to serve. As a result of that, we entered that plea prior to him being fully sentenced in the federal court. And it resulted in an enhanced sentence. So we are asking that the Court modify that sentence so that he does not gain another twenty months federal time consecutive.

THE COURT: Okay.

MR. SULLIVAN: Your Honor, as Mr. Connors pointed out, the charges before the Court were separate and distinct from the federal charges which Mr. Matos was

sentenced subsequent to the entry of this plea. The delay for him entering sentence in this case was because he warranted for well over a year and in the meantime managed to get new federal charges involving more drugs. The State entered its sentence because it was a fair and reasonable disposition with respect to the charges that were pending here. As far as federal sentencing, he could get twenty-three months, fifty-four months, fifty-six months. We don't care. What mattered to the State was that in this particular instance he had received a sentence which was fair for the crime he had committed here. It was a fair sentence. He knows that. He comes in now asking for reduction of sentence because the jail term here increased his time to serve over in the federal sentencing. But had he not warranted for the duration of the time, he would have had this conviction on his record already. I pointed out to the Court he sold narcotics to an undercover police officer. This case would have been ready for trial many, many moons ago. He would have had this conviction on his record and he would have gotten the same sentence he got in federal court.

THE COURT: He has served six months in any event?

MR. SULLIVAN: Yes.

THE COURT: Okay. And I suppose if I grant his

motion that the suspended time that he could be given, if violated, would increase by six months, correct?

MR. SULLIVAN: No.

THE COURT: It wouldn't?

MR. SULLIVAN: From my understanding of the case law, reduction of sentence only decreases the time to serve. It does not extend -- it does not add it on to the suspended time.

THE COURT: But he is requesting it be converted to a ten year suspended sentence, ten years probation so the exposure would be ten years.

MR. SULLIVAN: I understand. Unfortunately because I don't have the case in front of me, you can add the probationary period. He already served time under the sentence which is already done.

THE COURT: We aren't adding probationary time. It will continue to run from the date of sentencing. It is just the exposure would be ten years rather than nine and a half years, wouldn't it?

MR. CONNORS: That's correct.

MR. SULLIVAN: I understand.

THE COURT: I understand the State's position. Obviously, if this effect would have been fully known, I know one of the things that would have happened is either Mr. Connors would be successfull in pressing for a

continuation of pretrial or he would have passed it to the trial calendar such that the trial call would have been after the federal disposition. In any event, he is going away. Even if the federal sentence is what he originally planned to get, he is going to be going away for another three and a half to four years.

MR. SULLIVAN: It's either forty-three or forty-seven months, Your Honor. He has to do eighty-five percent of that.

THE COURT: Okay. In light of this, I am going to grant the motion to reduce sentence which will have the effect of converting it to a ten year suspended sentence, ten years probation. You waive your client's presence?

MR. CONNORS: Yes, Your Honor.

THE COURT: And if for some reason he has further contact and is presented as a violator on this, we are all in agreement, Mr. Connors, at least you are in agreement, his exposure is ten years to serve, correct?

MR. CONNORS: Yes.

THE COURT: Not nine and a half.

MR. CONNORS: That's correct.

THE COURT: Okay. Thank you.

MR. CONNORS: I will present an order, Your Honor. Thank you.

*********