UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| RICARDO MATOS<br>A/K/A REINALDO VILLALOBOS-LOPEZ,<br>MIGUEL ALBERTO ASMAR DIAZ, AND<br>RICARDO RIOS | : | |
| v. | : | C. A. No. 05-358-T |
| UNITED STATES OF AMERICA | : | |

**MEMORANDUM AND ORDER**

Ernest C. Torres, Senior United States District Judge

Ricardo Matos (a/k/a Reinaldo Villalobos-Lopez, Miguel Alberto Asmar Diaz, and Ricardo Rios) has filed a motion to reduce sentence pursuant to 28 U.S.C. § 2255. For the reasons stated below, the motion is denied.

**Background**

Matos pled guilty to one count of possessing cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), and according to the presentence investigative report (PSR), his net offense level was 23, his criminal history was in category I, and his Guideline range was 46-57 months. At Matos' sentencing hearing, the Court learned that Matos had a previously undisclosed state court conviction for a different drug offense for which he received a ten year sentence, with six months to serve and the balance suspended. Accordingly, Matos' criminal history was elevated to category II, his offense level was increased to 25 because he no longer qualified under § 2D1.1(b)(7) for the "safety valve," and his Guideline range became 63-78 months. Pursuant to

the Government's recommendation, this Court sentenced Matos to sixty-three months incarceration, followed by three years supervised release.[1]

Matos did not file an appeal but he did file a motion in the Rhode Island Superior Court to modify his state court sentence. In so doing, Matos did not challenge the validity of his conviction or his sentence. Rather, he sought to modify the sentence in order to eliminate the conviction from the Guidelines calculation and thereby obtain a reduction of his federal sentence.

The state court granted Matos' motion and re-sentenced him to a ten-year suspended sentence with probation. By then, Matos had completed the six-month sentence previously imposed.

Matos, through his counsel, then filed a Motion to Resentence in this Court which this Court treats as a motion to reduce sentence pursuant to 28 U.S.C. § 2255.

**Analysis**

Under the Guidelines, even convictions that have been set aside or for which the defendant has been pardoned "for reasons unrelated to innocence or errors of law" are counted. U.S.S.G. § 4A1.2, cmt. n.10; see also Mateo v. United States, 398 F.3d 126, 135 (1st Cir. 2005).

Here, Matos' conviction has not been expunged, nor has it been set aside for reasons related to his innocence or any error of law.

---

[1] The Court also imposed a $10,000.00 fine. At the conclusion of his imprisonment Matos was to be surrendered to immigration authorities for deportation.

Rather, Matos was merely re-sentenced after the period of incarceration had been served, and the re-sentencing was intended to reduce his federal sentence. See Transcript of Hearing conducted on June 16, 2005 in State v. Matos, No. P2/03-0959A [attached to Govt's Response Mem.] at 1-4. Accordingly, it was proper to consider Matos' original sentence in calculating his Guideline range. See United States v. Martinez-Cortez, 354 F.3d 830, 832 (8th Cir. 2004)(holding that a defendant's state convictions which were vacated after they were served for the purpose of enabling him to be eligible for a lower guideline range are properly counted for federal sentencing purposes).

Moreover, even Matos's modified sentence would constitute a conviction under the Guidelines. See U.S.S.G. § 4A1.2(a)(3)("A conviction for which the imposition or execution of sentence was totally suspended or stayed shall be counted as a prior sentence under § 4A1.1(c).")

## Conclusion

For the foregoing reasons, Matos' motion to vacate, set aside and/or correct sentence is denied.

IT IS SO ORDERED:

Ernest C. Torres

Ernest C. Torres
Senior United States District Judge
May 15 , 2007